UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TQP Development, LLC, § § Plaintiff, § § vs. § § Dell Inc.; United Continental Holdings, Inc.; § United Air Lines, Inc.; Lowe's Companies, § Inc.; Lowe's Home Centers, Inc.; Lowe's § HIW, Inc.; Deutsche Telekom AT; T-Mobile § USA, Inc.; Discover Financial Services; § Hewlett-Packard Company; Hewlett- § Packard Development Company, L.P.; § Chevron Corporation; Chevron U.S.A. Inc.; § Research in Motion Limited; Research in § Motion Corporation; and Costco Wholesale § Corporation, § § Defendants. § | Civil Action No. 2:10-cv-00446 Jury Trial Demanded |

# Lowe's Answer, Affirmative Defenses, Counterclaims, and Request for Jury Trial

Defendant Lowe's Home Centers, Inc. ("Lowe's"), by its attorneys, serves and files this Answer to the correspondingly numbered paragraphs of the Original Complaint for Patent Infringement (the "Complaint") filed by Plaintiff TQP Development, LLC ("Plaintiff").

## ANSWER

### Parties

1. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 1 and accordingly denies the same.

2. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 2 and accordingly denies the same.

3. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 3 and accordingly denies the same.

4. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 4 and accordingly denies the same.

5. Lowe's Companies, Inc. has been dismissed from the lawsuit and no further response is required.

6. The allegations of paragraph 6 are admitted.

7. Lowe's HIW, Inc. has been dismissed from the lawsuit and no further response is required.

8. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 8 and accordingly denies the same.

9. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 9 and accordingly denies the same.

10. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 10 and accordingly denies the same.

11. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 11 and accordingly denies the same.

12. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 12 and accordingly denies the same.

13. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 13 and accordingly denies the same.

14. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 14 and accordingly denies the same.

15. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 15 and accordingly denies the same.

16. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 16 and accordingly denies the same.

17. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 17 and accordingly denies the same.

## JURISDICTION AND VENUE

18. Lowe's admits the Complaint purports to set forth an action for patent infringement arising under the laws of the United States. Lowe's admits that this Court has jurisdiction over the subject matter of the Complaint, but denies any wrongdoing or infringement. The remaining allegations of paragraph no. 18 are denied.

19. Lowe's admits that venue is proper in this district. Lowe's admits jurisdiction is proper in this case as to Lowe's. The remaining allegations of paragraph no. 19 are denied.

20. Lowe's admits the allegations of paragraph 20 as to itself. The allegations of paragraph 20 are otherwise denied for lack of knowledge or information sufficient to form a belief therein.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,412,730

21. With regard to the allegation of paragraph 21, Lowe's admits that on its face, United States Patent Number 5,412,730 (the '730 Patent") states that it issued on May 2, 1995, and is entitled "Encrypted Data Transmission System Employing Means for Randomly Altering the Encryption Keys."

22. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 22 and accordingly denies the same.

23. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 23 and accordingly denies the same.

24. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 24 and accordingly denies the same.

25. Lowe's Companies, Inc. has been dismissed from the lawsuit and no further response is required.

26. Lowe's denies all allegations of infringement including those contained in paragraph 26. Lowe's admits that the website www.lowes.com is a website accessible to customers and that various data is transmitted to and from the website host computer(s). Lowe's denies the remaining allegation of paragraph no. 26 as many of the words used in the allegations may be subject to a Markman interpretation.

27. Lowe's HIW, Inc. has been dismissed from the lawsuit and no further response is required.

28. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 28 and accordingly denies the same.

29. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 29 and accordingly denies the same.

30. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 30 and accordingly denies the same.

31. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 31 and accordingly denies the same.

32. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 32 and accordingly denies the same.

33. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 33 and accordingly denies the same.

34. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 34 and accordingly denies the same.

35. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 35 and accordingly denies the same.

36. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 36 and accordingly denies the same.

37. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 37 and accordingly denies the same.

38. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 38 and accordingly denies the same.

39. Paragraph no. 39 states a legal conclusion and thus requires no answer from this defendant.

40. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 40 and accordingly denies the same.

41. Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph no. 41 and accordingly denies the same.

## PRAYER FOR RELIEF

(1-5)   Lowe's denies the relief requested and denies the remainder of the allegations with respect to Lowe's, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and accordingly denies the same.

## AFFIRMATIVE DEFENSES

1.   **First Affirmative Defense**. Lowe's does not infringe, and at all times relevant to this action, has not infringed upon any valid and enforceable claim of the '730 Patent ("the Patent").

2.   **Second Affirmative Defense**. The Patent, including all of the claims, is invalid for failure to comply with the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to §§101, 102, and 103.

3.   **Third Affirmative Defense**. The Patent, including all of the claims, is invalid for failure to comply with the requirements of 35 U.S.C. §112.

4.   **Fourth Affirmative Defense**. The Complaint fails to state a claim upon which relief can be granted.

5.   **Fifth Affirmative Defense**. Plaintiff is estopped by reason of the prosecution of the application of the Patents in the United States Patent & Trademark Office to assert for the Patent a claim construction that would cause the Patent to cover or to include any product involving Lowe's.

6.   **Sixth Affirmative Defense**. Plaintiff's claims for infringement of the Patent are barred by the equitable doctrines of laches, estoppel, and acquiescence.

7.   **Seventh Affirmative Defense**. Plaintiff's claims are barred in whole or in part by failure to mark pursuant to 35 U.S.C. §287.

8. **Eighth Affirmative Defense**. Plaintiff's claims are barred in whole or in part pursuant to the limitations period of 35 U.S.C. §286.

## COUNTERCLAIMS

1. Lowe's files these Counterclaims for declaratory judgment of patent invalidity and non-infringement and would respectfully show as follows.

## PARTIES

2. Defendant and Counter-Plaintiff Lowe's Home Centers, Inc. is a corporation with a place of business in Wilkesboro, N.C.

3. On information and belief, Plaintiff and Counter-Defendant TQP Development, LLC, is a Texas limited liability company having a principal place of business of 207C North Washington Street, Marshall, Texas 75670.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court under 28 U.S.C. §§ 2201 and 2202 in that a claim is presented for declaratory judgment and under 28 U.S.C. § 1338(a) because this claim arises under the laws of the United States relating to patents. Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim alleged occurred in this district.

## COUNT I: PATENT INVALIDITY

5. This count is for a declaratory judgment that the '730 Patent is invalid. Counter-Defendant TQP alleges in this lawsuit that it is the owner of the '730 Patent, and that Counter-Plaintiffs have infringed the Patent.

6. The '730 Patent is invalid for failing to satisfy one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, and 103, including but not limited to:

(a) The subject matter claimed in the Patent is not new or useful as required by 35 U.S.C. § 101.

(b) The subject matter claimed in the Patent was patented or described in a printed publication in this or a foreign country before the alleged invention thereof by the patent applicant and, therefore, was not patentable pursuant to 35 U.S.C. § 102(a).

(c) The subject matter claimed in the Patent was patented or described in a printed publication in this or a foreign country more than one year prior to the effective filing date of the patent application and, therefore, was not patentable pursuant to 35 U.S.C. § 102(b).

(d) The subject matter claimed in the Patent would have been obvious at the time of the alleged invention by the patent applicant to a person having ordinary skill in the art to which the subject matter pertains and, therefore, was not patentable pursuant to 35 U.S.C. § 103.

7. The Patent is also invalid for failing to comply with one or more of the requirements of 35 U.S.C. § 112 including but not limited to the written description requirement, best mode requirement, and enabling disclosure requirement. Further, the Patent is invalid for failing to particularly point out and distinctly claim the subject matter which the applicant regards as his invention.

## COUNT II: NONINFRINGEMENT

8. This count is for a declaratory judgment that Defendant and Counter-Plaintiff does not infringe upon the Patent.

9. Defendant and Counter-Plaintiff does not infringe, and at all times have not infringed, contributed to infringement, or induced infringement of any valid or enforceable claim of the Patent.

## **PRAYER**

Lowe's prays that:

(a) Plaintiff's Complaint against Lowe's be dismissed with prejudice and Plaintiff take nothing by way of this action;

(b) Judgment be entered in favor of Lowe's against Plaintiff declaring that each claim of the Patent is invalid;

(c) Judgment be entered in favor of Lowe's against Plaintiff declaring that Lowe's does not infringe upon any claim of the Patent;

(d) Judgment be entered enjoining Plaintiff, its officers, agents, representatives, employees, and attorneys, and those in active concert or participation with it, from asserting or attempting to enforce any claim of the Patent against Lowe's or its customers;

(f) Judgment be entered in favor of Lowe's against Plaintiff and finding that this is an exceptional case based on Plaintiff's conduct and that Lowe's is entitled to recover its attorneys' fees and costs under 35 U.S.C. § 285; and

(g) Lowe's have such other and further relief this Court deems just and proper.

Defendants demand a trial by jury on all issues so triable.

        Respectfully submitted,

        s/ Phillip B. Philbin
        Phillip B. Philbin
        phillip.philbin@haynesboone.com
        Texas State Bar No. 15909020
        Charlie M. Jones
        charlie.jones@haynesboone.com
        Texas State Bar No. 24054941
        HAYNES AND BOONE, L.L.P.
        2323 Victory Avenue, Suite 700
        Dallas, Texas 75219
        Tel: 214-651-5000
        Fax: 214-651-5940

        ATTORNEYS FOR LOWE'S HOME CENTERS, INC.

## CERTIFICATE OF SERVICE

On January 28, 2011, I electronically submitted the foregoing document to the clerk of the U.S. District Court for the Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

        s/ Phillip B. Philbin
        Phillip B. Philbin